STRONG and others, Trustees of MITCHELL, *against* STEWART.

Parol evidence 'is admissible to show that a mortgage only was intended, and not an absolute sale, and that the defendant had fraudulently attempted to convert the loan into a sale.
And, in such case, the plaintiff was held entitled to redeem.

BILL to redeem mortgaged premises. The defendant set up an absolute sale, by an assignment, absolute in terms, of the right of *Mitchell* in the land, and denied the fact of a loan. But the defendant, at the same time, admitted in his answer, that after the assignment was executed, he gave *Mitchell*, at his request, time to return the money, and take back the assignment.

*Oct.* 18*th.*

Parol proof was taken, which established, conclusively, the fact of a loan, and not a purchase and sale; and that the assignment was made, given and received, by way of security for a loan.

*J. Kirkland,* for the plaintiffs.

*N. Williams,* contra.

THE CHANCELLOR. On the strength of the authorities, and on the proof of the loan, and of the fraud, on the part of the defendant, in attempting to convert a mortgage into an absolute sale, I shall decree an existing right in the

plaintiffs to redeem. The cases of *Cotterell* v. *Purchase*, (*Cases temp. Talbot*, 61.) *Maxwell* v. *Mountacute*, (*Prec. in Chancery*, 526.) *Washburn* v. *Merrills*, (1 *Day's Cases in Error*, 139.) and the acknowledged doctrine, in 2 *Atk.* 99. 258. 3 *Atk.* 389 ; and 1 *Powell on Mortg.* 104. (4th *London* edit.) are sufficient to show, that parol evidence is admissible in such cases, to prove that a mortgage was intended, and not an absolute sale, and that the party had fraudulently perverted the loan into a sale. In this case, the admissions in the answer were sufficient to presume a mortgage, against the absolute terms of the assignment.

Decree accordingly.