Wilde, J.,
delivered the opinion of the Court.
No authorities have been cited in support of the decision ol the Court of Common Pleas, and it seems to be against the justice of the case. For in considering the question, we must take that tor true, wnich the plaintiff offered to prove at the trial. And if it is true, either by mistake or otherwise, that the goods the price of *191 which is sued for in this action, were not credited in the former suit at their fair value, no reason can be given why such a mistake or wrong should not now be rectified; unless we are restrained by some principle of positive law.
It has been argued that the evidence objected to would tend to impeach the merits of the former judgment. If this be true, the evidence is certainly inadmissible. The judgment of a court oí competent jurisdiction, until it is set aside or reversed, is conclusive as to the subject-matter of it. Judicium semper pro veritate accipitur (1). But * this principle applies only [ * 238 J to matters directly adjudicated and within the cognizance of the court pronouncing judgment; not to collateral points incidentally arising in the course of judicial proceedings.
Then was the justice, before whom the first suit was brought, bound to take cognizance of the value of the articles credited ? Or, if the defendant in that suit had appeared and pleaded to the action, would he have been permitted to offer evidence as to the value of those articles ? If a gross amount had been credited, without specifying the particulars, no such evidence would have been admissible ; or if a sum or sums of money had been credited, it would not have been competent for the defendant to prove that the plaintiff had received a larger amount.
If it be otherwise (and perhaps it may be), when the goods credited are particularly specified, as they were in the case under consideration, the distinction depends altogether on the admission made by the plaintiff. By specifying the goods, he must be understood to admit that whatever they were reasonably worth might be deducted from the demand sued. On this ground, the defendant in the first suit might have been permitted to offer evidence as to the value of the goods credited; and it may be admitted also, that if such evidence had been offered by him and allowed, the judgment of the justice would have been conclusive.
But the defendant was not bound to avail himself of the plaintiff’s admission or confession of payment. He was not bound to prove the value of the goods credited, at his own expense; when, by commencing his action, the expense would fall on the plaintiff, now the defendant. If the latter would have avoided this, he ought to have taken care to credit the goods at their full value.
Of this doctrine no one can reasonably doubt; for it stands or. the same footing as the doctrine of tender. But % different one, such as the present defendant contends for, w Mild be often *192 [ * 239 ] productive of injustice. Suppose a ' case of * mutual demands and credits between A and B ; A’s demand against B being twenty dollars, and B’s demand against A thirty dollars. If A sues B, and credits B’s demand of 30 dollars at only 15 dollars, how, upon the principles advanced by the defendant’s counsel, can B recover his balance oí A? He can recover no balance in A’s suit; and if judgment in that suit is conclusive, he can have no remedy.
It is true, he may file his account, and claim a set-off, according to the statute. But that statute was never intended for such a case. It never was intended to compel any one to plead a set-off, and has never been so construed. Besides, a man may be sued when absent from home, and it may be impossible for him to avail himself of the statute; so that the grossest injustice, according to the defendant’s doctrine, may be permitted and sanctioned by law.
Upon the whole, the Court are of opinion that the evidence offered by the plaintiff at the trial ought to have been admitted; and therefore that the nonsuit must be set aside, and a
New trial granted ‘(2).

 [Homer vs. Fish, 1 Pick. 435.—Loring vs. Mansfield, post, 34.—Gridley vs Harraden, 14 Mass. 496.—Thatcher vs. Gammon, 12 Mass. 268.—Flin vs. Sheldon, 13 Mass. 443 —Ed.]

 [Vide Dodge & Al. vs. Tuliston & Al., 12 Pick 328.—Ed.]