IN THE

### COUNTY OF CUMBERLAND, MAY TERM, 1830.

---

#### PLUMMER *vs.* NOBLE.

Where a judgment creditor had been absent from this State several years, having entered the army during the last war; and was slain in battle in 1814; and his attorney, not knowing this fact, afterwards sold and assigned the judgment to another person, alike ignorant of the death, and who commenced an action of debt on the judgment, believing that there was good cause to maintain it, and probably led into that belief by the conversation and belief of the attorney;—it was *held*, in a suit by the debtor against the assignee for malicious prosecution, that these circumstances were sufficient proof of probable cause.

THIS was an action of trespass on the case for maliciously suing the plaintiff and attaching his estate, in an action of debt on judgment, in the name of one *Lemuel Bradford,* who was dead.

At the trial, before the Chief Justice, the plaintiff proved that the defendant caused a writ to be sued out against him, *Oct.* 13, 1824, in the name of *Bradford,* on a judgment recovered at *October* term, 1807, for something more than a hundred dollars; and that thereupon the sheriff had attached his interest in the house in *Portland,* in which he dwelt, and also in another lot in *Portland,* fronting on Fore-street. He also proved that *Bradford* was killed in the sortie from fort *Erie, Sept.* 17, 1814; that the official report of the killed and wounded in that affair was published in the newspapers of the day;

and that his death was generally known in *Portland*, where he resided at the time he entered the army.

It further appeared that the defendant bought the judgment declared upon, of Mr. *Kinsman*, the attorney who recovered it ; and who did not know of his client's death, but supposed him to reside in Massachusetts ; and who, being a creditor of *Bradford*, assumed to assign the judgment to *Noble*, passing the whole amount to the credit of *Bradford*. The purchase was made at the suggestion of the attorney, who was to receive forty dollars for the demand, if it should be recovered. *Noble*, who came to reside in *Portland* after *Bradford's* departure, was ignorant of the fact of his death, till after service of the writ ; and on ascertaining it, the plaintiff was informed that the suit would be prosecuted no farther.

The plaintiff further proved that the estate attached in Fore-street, was mortgaged by him to the defendant, *July 13, 1818.*

The defendant then produced a copy of a deed of release and quitclaim, dated *Sept.* 1, 1822, by which he had conveyed all his interest in that parcel to one *Eleazar Wyer.*

The plaintiff then offered parol evidence to show that this conveyance to *Wyer* was without valuable consideration, and was in trust for *Noble* ; but this evidence the Chief Justice rejected, as it contradicted the deed, which, moreover, the plaintiff had no right to impeach.

Upon this evidence the Chief Justice instructed the jury that there were two questions in the cause for consideration ;—first, whether the prosecution against the plaintiff was without probable cause ;— and secondly, whether it was malicious. On the first point he said that the judgment recovered by *Bradford* was incontestible proof of a lawful demand ; that a judgment closed all dispute between the parties concerning its subject matter ;—that this judgment appeared to be due ; but of this they might inquire ;—and that Mr. *Kinsman* had a right to transfer it ; crediting his client with the amount, as he had testified. But he further instructed them that *Bradford* being then dead, he considered it their duty, on the whole, to regard the action against the plaintiff as commenced without probable cause.

On the question of malice, he instructed them to examine all the

Plummer v. Noble.

evidence, and thereupon to decide whether the suit was instituted fairly, to recover the amount of the judgment, under a purchase, and an authority supposed to be sufficient ; and without knowledge of the plaintiff's death ; or whether the defendant had in that transaction acted maliciously.

Under these instructions, to which the plaintiff filed exceptions, the jury found for the defendant.

*Deblois*, for the plaintiff, argued—1st. That if it were competent for the defendant to introduce the deed from himself to *Wyer* to rebut the inference of malice ; it was equally proper for the plaintiff to avoid that effect by evidence showing that the conveyance was merely colorable. Any stranger may falsify a deed for covin. 2 *Stark. Ev.* 585, 587. Yet the proof here offered was not contradictory to the deed, but merely went to show a resulting trust in the grantor. On either ground, whether of covin or of trust, it was admissible. 1 *Cruise's Dig.* 474, 482, 492 ; 1 *Stark. Ev.* 254; *Jackson v. Stiernberg*, 1 *Johns. Ca.* 153 ; *Foot v. Colvin*, 3 *Johns.* 216 ; *Lloyd v. Spillet*, 2 *Atk.* 150 ; 3 *Stark. Ev.* 1040, 1043 ; *Prec. Chan.* 80.

2. The purchase of the demand was illegal, being of the nature of *champerty* ; and was therefore of itself evidence of malice. 2 *Hawk. P. C.* 393 ; 2 *Inst.* 208 ; *Thurston v. Percival* 1 *Pick.* 415.

3. The conduct of the defendant, in commencing the suit without making due inquiry, when the circumstances rendered it so very probable that the original plaintiff was dead, and the truth was so easily ascertained, involved all the consequences of actual knowledge. It was the *crassa ignorantia*, which in law amounts to malice. 5 *Amer. Law Jour.* 514 ; *Brooks v. Warwick*, 2 *Stark. R.* 342 ; *Purcell v. McNamara*, 9 *East.* 362 ; 2 *Stark. Ev.* 915 ; 2 *Dane's Abr.* ch. 70, art. 1, 3, 6.

4. The transfer of the judgment was illegal and void, for want of authority in the attorney, his principal being dead. *Harper v. Little*, 2 *Greenl.* 14.

*N. Emery* argued on the same side.

*Longfellow*, for the defendant, cited 2 *Phil. Ev.* 114.

MELLEN C. J. delivered the opinion of the Court.

The questions presented on the exceptions are, whether the copy of the deed from *Noble* to *Wyer* was liable to impeachment in the manner and for the reasons urged by the plaintiff's counsel; and whether the instructions of the judge to the jury were correct. It is contended that the conveyance, if made without any consideration, and merely in trust for the benefit of *Noble*, would, if admitted to the jury, have been evidence, tending to prove malice in the defendant. The deed was made more than two years before the alleged malicious action was commenced; and would on that ground seem to have no possible tendency to prove any thing in the cause. But the proof offered was parol only; and of course was improper to shew a trust, when the deed was in the usual form, conveying the land to the grantee in fee, to the use of him and his heirs. *Northampton Bank v. Whiting*, 12 *Mass.* 104; *Jenny v. Alden*, ib. 373; *Storer v. Batson*, 8 *Mass.* 431; *Flint v. Sheldon*, 13 *Mass.* 443.

It was not alleged that it was fraudulently made, but only without consideration. But what was that to the purpose? The deed would have passed the estate to *Wyer*, as against all persons but the creditors of *Noble*. This objection cannot be sustained.

The next is, that the purchase of *Bradford's* judgment of *Kinsman*, was in itself an offence, and amounted to *champerty*. The answer is that an offence cannot be committed without an improper intention; and the jury, under the instruction of the court, have decided that the suit was fairly instituted to recover the amount of the judgment, under a purchase, and an authority supposed to be sufficient, and without knowledge of the plaintiff's death; and that he acted in the transaction without any malice, and with the intention of securing the demand. This objection seems to be completely settled by the verdict; and in this view of the subject the exceptions must be overruled; because, in order to support the action, there must have been a want of probable cause, and also malice. It is urged that the instructions were incorrect, because the judge did not state the law to the jury that from the want of probable cause, malice may be presumed. He did state that both must concur; and such is the law.

If any more explicit instruction was desired it should have been requested; and then, if improperly withheld, there would be good ground of exception. But though the judge did, with some appearance of doubt, instruct the jury that there was not probable cause; yet we are all, upon consideration of the facts, inclined to a different opinion. The debt due from *Plummer* to *Bradford* was certain and undisputed; there was a good cause of action, by some person, on that judgment; and though the action brought in the name of *Bradford* after his death, could not be maintained, yet his death was not then known. *Noble* believed there was a good cause to maintain that action, and was probably led to that belief by the conversation and belief of *Kinsman*.

On the whole, in any view of the case, our opinion is that the exceptions must be overruled.

*Judgment on the verdict.*