JOHN A. FOSTER, Respondent, *v.* JOHN B. NEWBROUGH, Appellant.

Parol evidence to explain a receipt, and to show that the consideration for which it was given has not been paid, is competent.

In an action upon an account for services, defendant gave in evidence a receipt signed by plaintiff. Plaintiff testified that the receipt was sent by mail, with a letter written upon the same sheet of paper, a sworn copy of which letter he offered and it was received in evidence. No notice to produce the original had been given. *Held*, error.

Plaintiff, in explanation of a receipt in full, given in evidence by defendant, testified that the receipt was given in consideration of an agreement on the part of defendant to assign to him certain corporate stock ; that he afterward inquired and found defendant owned none of the stock. In rebuttal, defendant offered to prove that the money for which the receipt was given was paid by, and the receipt was delivered to, a messenger sent by him; that he did own at the time a large amount of the stock, and that plaintiff was never informed by any of the officers of the corporation that defendant owned none of the stock. This evidence was rejected. *Held*, error.

Plaintiff was sworn as a witness in chief. After he had testified in reply, defendant offered evidence in rebuttal, impeaching his character for truth and veracity. This was rejected. *Held*, error.

(Argued September 28, 1874 ; decided October 6, 1874.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of the plaintiff entered upon the report of a referee.

This action was upon an account for retainers and services of plaintiff, as attorney and counselor at law for defendant. Defendant, among other things, pleaded payment.

Plaintiff, as a witness in his own behalf, testified to the

employment and rendition of the services. Defendant proved, in the course of his defence, and gave in evidence, a receipt for $100, signed by plaintiff, dated April 4, 1870; also a receipt dated November 19, 1870, which, by its terms, was in full for all services. In reply, plaintiff testified that the receipt of April fourth was sent by mail; that written upon the same sheet of paper was a letter from him to defendant. A copy of this letter, sworn to by him as correct, was offered and received in evidence. This was objected to upon the ground that it did not appear that the rule authorizing a copy to be given in evidence had been complied with, and that the letter itself, as a declaration of plaintiff, was incompetent in his own behalf. The objections were overruled and the letter received. Plaintiff testified that the receipt of November nineteenth was given upon the promise of defendant to assign to him $15,000 of the capital stock of the "Newbrough Hard Rubber Company." That he afterward inquired as to the stock and found that defendant owned none, and that he afterward asked defendant for the stock and he replied that he had none. Defendant, in rebuttal, offered to prove by one Griffith, that he carried the $100 specified in the receipt of April fourth from defendant to plaintiff, and that the latter delivered to Griffith the receipt. This evidence was objected to and excluded. Defendant also offered to prove, by the secretary of the Newbrough Rubber Company, that at the time of the giving of the receipt in full he did own, in his own name and right, $68,400 of the stock of said company, and also offered to prove it by the books of the company. He also offered to produce all the officers of the company having any connection with its affairs and to prove by each that plaintiff was never informed by him that defendant had no stock. This was objected to and excluded. Defendant then offered three witnesses to impeach the "general character for truth and veracity of plaintiff," and to prove "that from plaintiff's general reputation for truth and veracity, in the community where he resides, they would not believe him on his oath." This evidence was also excluded under objection.

*Amos G. Hull* for the appellant. The court erred in permitting plaintiff to testify as to the consideration of the receipt in full. (*McIntyre* v. *Warren*, 3 Keyes, 185; *Coon* v. *Knapp*, 8 N. Y., 402; Story on Con., 982; *Pierson* v. *Hooker*, 3 J. R., 68; *Strong* v. *Place*, 4 Robt., 38.) The court erred in excluding the evidence offered in rebuttal. (*Powell* v. *Jones*, 42 Barb., 24.)

*John A. Foster*, respondent, in person. The receipt of November nineteenth was not evidence of an accord and satisfaction as nothing was paid for it. (*Bunge* v. *Koop*, 5 Robt., 1; S. C., 48 N. Y., 228; *Beardsley* v. *Davis*, 52 Barb., 159; *Dederick* v. *Lehman*, 9 J. R., 333; *Seymour* v. *Mentum*, 17 id., 175.) Parol evidence was proper to explain the receipt. (*Battle* v. *Rochester City Bk.*, 3 N. Y., 88; *Wodsworth* v. *Olcott*, 6 id., 64; *Buswell* v. *Pioneer*, 37 id., 312; *Eaton* v. *Alger*, 2 Keyes, 41.) Plaintiff having, in reply, confined himself strictly to the new matter presented by defendant it was in the discretion of the court to reopen the case and allow testimony in rebuttal; and the exercise of this discretion cannot be reviewed here. (*Kellogg* v. *Kellogg*, 6 Barb., 132; *Burger* v. *White*, 2 Bosw., 95; *Williams* v. *Hayes*, 20 N. Y., 60; *Caldwell* v. *N. J. S. Co.*, 47 id., 294.)

Rapallo, J. We find no error in the admission of evidence to explain the receipt dated November 19, 1870, and to show the consideration for which it was given; but we think the referee did err in admitting in evidence the copy of the letter alleged to have been sent with and attached to the receipt dated April 4, 1870, and also in rejecting the evidence offered by the defendant in rebuttal of that which had been given on the part of the plaintiff after the defendant had rested. We have carefully examined the case and think that a new trial should be ordered.

Judgment reversed and new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.