WILLIAM BARRY, RESPONDENT, *v.* ORSON COVILLE AND GABRIEL A. MORRIS, APPELLANTS, IMPLEADED, ETC.

*Conveyance, absolute in form, given as collateral to a debt — in an action to procure a retransfer, fraud need not be shown — attorney and client — privileged communications.*

In an action to obtain a reassignment of certain interests in patent-rights, upon paying the amount of whatever indebtedness may exist to the party holding the legal title thereto, evidence showing that there was no fraud or deceit practiced, and that the party making the assignment knew the contents thereof when making it, are not inconsistent with the giving of proof that the assignment was made, although absolute in form, merely as a collateral security for the repayment of an indebtedness existing on the part of the party making such assignment and conveyance to the party receiving the same.

An attorney, who has been applied to by a party to draw a deed for him, and also for counsel in regard to matters relating to the subject-matter of the deed, is incompetent to testify to communications made to him in such matter in an action between the grantor and a third person.

APPEAL from an interlocutory judgment, entered in Onondaga county February 12, 1889, upon a decision made at Special Term in that county, declaring that the plaintiff was entitled to a reassignment and reconveyance of certain interests in several patent-rights or inventions, upon paying to the defendants whatever indebtedness might exist, for which it was claimed said inventions were turned out as security, and ordering a reference to state an account between the parties and allowing an application to be made to the court upon the referee's report for further and final judgment.

*B. N. Bailey* and *I. D. Garfield*, for the appellants.

*Baldwin, Lewis & Kennedy*, for the respondent.

HARDIN, P. J.:

Before the Code allowing legal and equitable remedies to be had in the same action, it was held that parol evidence was admissible, independent of proof of fraud or mistake to show that a deed, although absolute on its face, was, in fact, intended by the parties as a mortgage. (*Strong and Others* v. *Stewart*, 4 Johns. Ch., 167; *Whittick* v. *Kane*, 1 Paige, 202; *Van Buren* v. *Olmstead*, 5 id., 9; *Lansing and Others* v. *Russell*, 3 Barb. Ch., 325.)

Since the adoption of the Code of Procedure it has been repeatedly held that parol evidence is admissible in all classes of actions, whether legal or equitable, to show that a deed absolute on its face was given as a security only. (*Despard* v. *Walbridge*, 15 N. Y., 374; *Horn* v. *Keteltas*, 46 id., 605.)

When the instrument of October 2, 1884 (Exhibit 1) was executed by the parties to this action, the plaintiff was indebted to the defendants, and they also agreed to "furnish funds," and it was stipulated in the agreement that the defendants "will pay the indebtedness for goods to September 16, 1884, to wit, $168.16, thirty-five dollars in cash, heretofore paid to procure patent, etc., on the willow stripping machine herein mentioned, for all goods had since September 16th, aforesaid, and all moneys hereafter paid or advanced and goods and provisions had hereafter."

In that agreement the defendants reserved "the right to terminate" the agreement, and following the reservation of that right were the words, which are quite significant in determining the inten-

tion of the parties; they are as follows: " But shall retain their interest and claims herein till they shall be fully paid their said indebtedness up to such time as they shall terminate this agreement, but they shall, upon payment to them of their said indebtedness, reassign their said interest in said inventions herein to said Barry." The right to terminate the agreement was extended by a stipulation of the parties to July 1, 1885.

(1.) It is apparent that the parties executing the agreement of October 2, 1884, treated the assignment of the plaintiff's interest in the several patents as collateral security for his indebtedness to the defendants.

(2.) It is obvious, from reading the testimony found in the appeal book, that such was the intention of the parties, and the finding of the learned trial judge to that effect must, therefore, be sustained.

(3.) The finding of the learned trial judge " that there is no. evidence of any fraud or deceit attempted or practiced toward the plaintiff by the defendants, either in regard to Exhibit No. 1 or Exhibit No. 4 ; " and, also, his finding " that plaintiff knew the contents of both Exhibit No. 1 and Exhibit No. 4 when he signed them," are not inconsistent with or at war with his conclusion that the defendants held the several transfers which they received from the plaintiff as collateral security for any indebtedness or advances.

(4.) We are of the opinion that the evidence warranted the finding that the several assignments were held by the defendants as security for any indebtedness, and when they elected to terminate their relations to the plaintiff, existing in virtue of said assignments, we think the plaintiff is entitled to an accounting, and upon that accounting, the amount found due to the defendants being paid or tendered, the defendants ought to assign to the plaintiff the several inventions which they took under the circumstances disclosed by the trial judge.

(5.) When Cornelius W. Smith was upon the stand as a witness it appeared that he drew the deed known as Exhibit No. 4, and that he was an attorney-at-law, and that the plaintiff applied to him to draw the deed, and also for counsel in regard to matters relating to the subject-matter of the deed. While his testimony was being given, and subsequently on a motion to strike the same out, the question of the admissibility of his evidence was raised, and the court

intimated an opinion that his testimony was inadmissible because he was not at liberty to violate the privilege existing between attorney and client in respect to confidential communications, The court finally struck out his testimony except so far as it related to the fact that he drew the deed. The defendants took an exception. We are inclined to the opinion that the learned trial judge kept within the rule laid down in *Root* v. *Wright* (84 N. Y., 72), where it is said the "rule prohibits him from testifying to such communications in an action between his clients and a third person." It is also said in that case that the rule "extends to communications in reference to all matters which are the proper subject of professional employment." (Citing *Williams* v. *Fitch* 18 N. Y., 550; *Yates* v. *Olmsted*, 56 id., 632).

(6.) As the trial judge found that there was no evidence of fraud or deceit practiced, and that the plaintiff knew the contents of both Exhibits No. 1 and No. 4 when he signed them, the ruling was not prejudicial to the defendants, and we ought to disregard their criticism in respect to the same. (Code of Civil Procedure, § 1093.) We see no occasion to interfere with the interlocutory judgment.

The judgment should be affirmed, with costs.

MARTIN, J., and MERWIN, J., concurred.

Judgment affirmed, with costs.