## SKENANDOA COTTON CO. v. LEFFERTS et al.

*(Supreme Court, General Term, Fourth Department. February, 1891.)*

CHATTEL MORTGAGES—BILL OF SALE.

> Defendants, being indebted to plaintiff, gave a check for $1,200, and assigned to plaintiff certain property "for and in consideration of the sum of $3,184.66, to us in hand paid," and plaintiff gave defendants a receipt for $4,384.66, "in full of account to date." *Held*, that plaintiff might show that the money was not paid as stated in the receipt, and that the assignment was only collateral security.

Appeal from judgment on report of referee.

Action by the Skenandoa Cotton Company against Mary E. Lefferts and others, for balance of account for yarn and merchandise sold and delivered by plaintiff to defendant prior to July 31, 1884. The answer alleged that on the 31st July, 1884, the claim of the plaintiff was fully paid and satisfied. From a judgment entered in Oneida county, June 22, 1889, upon the report of a referee, in favor of plaintiff, for $2,576.18 damages, besides costs, Mary E. Lefferts appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Doyle & Fitts*, for appellant.    *W. & N. E. Kernan*, for respondents.

MERWIN, J.    The plaintiff was engaged in the manufacture of yarn at Utica. The defendants were engaged at Cohoes in the manufacture of knitted

underwear, and prior to July 30, 1884, they had purchased of plaintiff a large quantity of yarn. It was conceded at the trial that on the 30th July, 1884, there was a balance due from defendants to plaintiff of $4,384.66. Knower, Haines & Cooley were commission merchants in New York city, and the parties to whom the goods of the defendants were consigned, and who handled and sold them, and they then had on hand a large quantity of defendants' goods on consignment for sale. On the 31st July, 1884, the defendants and the superintendent of the plaintiff met at the office of Knower, Haines & Cooley, and the defendants executed and delivered to plaintiff's superintendent a check of $1,200, and an instrument of which the following is a copy:

"NEW YORK, July 31st, 1884.

"For and in consideration of the sum of three thousand one hundred and eighty-four dollars and sixty-six cents, to us in hand paid, and the receipt of which is hereby acknowledged, we do assign, transfer, and sell to the Skenandoa Cotton Company, of Utica, N. Y., all our right, title, and interest to and in the goods now held by Knower, Haines & Cooley belonging to us; and also all our right, title, and interest in and to the amount due us on goods sold by Knower, Haines & Cooley for our account since July 1st, 1884.

"THOMPSON & LEFFERTS."

Knower, Haines & Cooley indicated in writing their acceptance of the terms of this agreement, and plaintiff's superintendent executed and delivered to defendants a receipt, of which the following is a copy:

"$4,384.66.        NEW YORK, July 31st, 1884.

"Received from Thompson & Lefferts, four thousand three hundred eighty-four and 66-100 dollars, in full account to date.

"I. R. SCOTT, Superintendent Skenandoa Cotton Company."

The referee permitted the plaintiff, over defendants' objection and exception, to give evidence of prior negotiations, and of what was said at the time of the execution of the above instruments, with a view of showing that the assignment executed by defendants was only as collateral security to the debt, and that nothing was then in fact paid on the debt; the $1,200 check being paid the next day. The defendants gave evidence to the contrary. It appeared, among other things, that, after the execution of the assignment and receipt, and on the same day, the defendants gave to plaintiff an order for $500 upon another commission house, payable from gains on sales of defendants' goods by that house. The referee finds that the assignment was executed in pursuance of an agreement between plaintiff and defendants that the defendants would pay on plaintiff's account $1,200 in cash, and make the assignment as collateral security for the payment of the remainder; that the receipt was given upon the execution of the assignment and check, and for no other consideration, the check being paid the next day; that there was no agreement between the parties that the cash so agreed to be paid, and property so transferred, should be paid and transferred in full payment of the debt, and that the receipt was not intended by any of the parties to evidence the payment of the debt in full; that the $500 order was given as further collateral security. It further appears that plaintiff has received the entire avails of the property so transferred, and applied it on its debt, and the recovery was for the balance.

The finding of the referee that the assignment was intended as collateral security only, and that there was no agreement to receive the cash and assignment in full payment, is fully warranted by the evidence. The appellant, however, claims that it was not competent to show by parol evidence that the assignment was in fact a mortgage or security only. Whether this position is correct is the question upon this appeal There is no doubt about the general rule that a conveyance, though absolute upon its face, may be shown to have been given as security merely. *Coe* v. *Cassidy,* 72 N. Y. 137; *Barry* v. *Coville,* 7 N. Y. Supp. 36. The true consideration may be shown notwith

standing the recitals. *McCrea* v. *Purmort*, 16 Wend. 460; *Adams* v. *Hull*, 2 Denio, 310; 2 Whart. Ev. § 1042, and cases cited. A receipt, though in full, may be explained or contradicted. *Foster* v. *Newbrough*, 58 N. Y. 481; *White* v. *Parker*, 8 Barb. 69; 2 Whart. Ev. § 1064.

But the defendants claim that the assignment, the acceptance by Knower & Co., and the receipt should be considered together as one transaction, and import an agreement by the plaintiff to accept the transfer in full of the balance of the debt. The only obligation on Knower & Co. was to account to plaintiff for whatever they had or might receive of or from defendants' property in their hands. The amount was indefinite. The only agreement by plaintiff to receive this in full payment was in the expression, "in full," in the receipt. In *Tobey* v. *Barber*, 5 Johns. 68, the plaintiff had given a receipt for $163 in full for two quarters' rent. In order to avoid the effect of this, it was held proper to prove by parol that the amount was in part for a note of a third party which had not been paid; it being said that the taking of a note, either of the debtor or of a third person, for a pre-existing debt, is no payment, unless it be expressly agreed to take it as payment, and to run the risk of its being paid, and that the inference from the form of the receipt is not enough to establish such positive agreement. This case is approved in *Buswell* v. *Pioneer*, 37 N. Y. 314. In *Smith* v. *Holland*, 61 N. Y. 635, it was held that, where in a promissory note is embodied also a receipt, the receipt is open to explanation, the same as if it were in a separate instrument. So that in this case, whether the receipt is to be considered by itself or in connection with the other papers, it is open to explanation, and there is no basis for saying that in the papers themselves there was a conclusive agreement to receive the assignment in full of the claim. If not, then the agreement in fact as to the assignment may be shown by parol.

The appellant seems to rely considerably on the cases of *Marsh* v. *McNair*, 99 N. Y. 174, and *Thomas* v. *Scutt*, 5 N. Y. Supp. 365. In the *Marsh Case* there was an assignment, absolute on its face, made by J. R. Marsh, C. H. Marsh, and Mary Marsh to C. W. Gibson of all their interest in an insurance policy and in the assignment. There was the statement that it was "in consideration of crediting C. H. Marsh, at the Exchange Bank of Lima, $353.72, paying mortgage (on property formerly deeded by J. R. Marsh, in Avon, to C. W. Gibson) given by William F. Russell to C. H. Marsh, $110.46, and indorsing $35.82 upon a note made by C. H. Marsh, June 8, 1871, for $300." The plaintiff, Mary Marsh, claimed that the assignment was in fact given simply as collateral security for an indebtedness of $500. It was held that the rule that a conveyance of real or personal property, absolute on its face, may be shown by parol to have been intended as a security only, did not apply, as the instrument was not an assignment simply, but a contract containing mutual agreements, and so within the rule prohibiting parol evidence to explain, vary, or modify it. In the *Thomas Case* the plaintiffs had given the defendant a chattel mortgage on a quantity of lumber, and afterwards they gave to defendant a bill of sale of a certain raft, stating in the bill that the lumber of the raft was covered by the mortgage, and giving the different kinds of lumber, and the amount and price of each kind, and the aggregate sum, and then stating, "the same to apply on the amount due on said chattel mortgage, and, if any mistake in amount of lumber, same to be corrected." The defendant took possession. It was held not to be competent for the defendant to show by parol that the bill of sale was simply for security; following the *McNair Case*. These cases do not sustain the appellant's position. We have here only an ordinary receipt for money, and an ordinary assignment or transfer of property. Within well-settled rules, their object and design may be shown by parol. *Juilliard* v. *Chaffee*, 92 N. Y. 535. The doctrine of explaining receipts applies, rather than the doctrine forbidding the varying of a written contract by parol. In *Cassidy* v. *Jenkins*, 16 Wkly. Dig. 560, (affirmed,

101 N. Y. 653,) the defendant gave plaintiff a receipt as follows: ".Received from A. S. Cassidy twenty-five hundred dollars, in full for purchase of one-quarter interest in Edward Moreland's patent water-meter, the right to which quarter is to be conveyed to A. S. Cassidy immediately." It was held to be competent for plaintiff to show that the writing was security only for a loan. We are of the opinion that the plaintiff had a right to show that the money was not paid as stated in the receipt, and that the assignment was only col- lateral security, and not received in discharge of the debt. The appellant further suggests that, under the pleadings, the plaintiff had no right to show that the assignment was for security. This ground was not taken at the trial, and it is not necessary to consider it here. It follows that the judgment should be affirmed. Judgment affirmed, with costs. All concur.