*Judah*, for the plaintiff.

*Dewey*, for the defendant.

Nov. Term, 1827.

ABORN
v.
BURNETT.

---

## ABORN *v.* BURNETT and Another.

*A.* filed a bill in chancery against *B.* the heir and *C.* the administrator of *D.*—stating that the complainant had sold and conveyed a lot of ground to *D.* without receiving the purchase-money, and that *D.* had died insolvent. Prayer that the lot might be sold to pay the purchase-money. An order of publication was made as to the heir, who was a non-resident. The administrator filed an answer and cross-bill—stating that the conveyance, though absolute on its face, was intended as a mortgage to secure the payment of a debt due from *A.* to *D.*, and praying a sale of the lot to pay the debt.

*Held*, 1st, that there could be no decree for the complainant without proof that the order of publication, as to the heir, had been made. 2dly, that parol evidence of the complainant's admissions as to the deed's being intended to be a mortgage, should be received with great caution; and ought not, where there are circumstances raising a contrary presumption, to be permitted to control the deed.

ERROR to the *Floyd* Circuit Court.

SCOTT, J.—*Abby B. Aborn* filed her bill in chancery in the *Floyd* Circuit Court against *Moses Eastburn*, heir at law, and *Alexander S. Burnett*, administrator of *John Eastburn*, deceased,

Wednesday, November 14.

stating that, in the year 1818, she sold and conveyed to the said *John Eastburn* a certain lot in the town of *New-Albany*, for the sum of 800 dollars; that, at the time of the sale and conveyance so made, she received no part of the purchase-money for the said lot; but that, since that time, she has received 311 dollars and 20 cents. She sets out the death of *Eastburn*, alleges his estate to be insolvent, and prays a sale of the lot, to satisfy and pay the amount of the purchase-money remaining due. *Burnett*, the administrator, in his answer and cross-bill, alleges that the conveyance stated by the complainant, although appearing on its face to be an absolute transfer of the property, was, by the intent and agreement of the parties, to stand only as a security for the payment of a certain debt, which he alleges was due from the said *Aborn* to the said *Eastburn*; and that, on payment of that debt, the contract was to be rescinded, or the lot reconveyed to the complainant. He admits the insolvency of *Eastburn's* estate, but resists the complainant's claim to a lien on the property. He charges the complainant with the amount received by her, and claims a foreclosure and sale of the mortgaged premises, for the payment of that debt. There was an order of publication with respect to the heir at law, who, it appears, is a non-resident. After several continuances, the Court, without any further notice being taken of the heir at law, rendered a decree in favour of *Burnett*, the administrator, and ordered a sale of the lot in conformity to the prayer of his cross-bill.

This was wrong. The Court ought to have been satisfied that the publication had been made, agreeably to their order, prior to the rendition of a decree which would affect the interest of the heir at law. This circumstance might be less important, if the decree were otherwise clear of objection. The decree is founded on parol evidence of the declarations of the complainant, in certain conversations with the witnesses, or in their hearing, unaided by any circumstance of fraud, mistake, or accident; a species of evidence extremely liable to be misunderstood or perverted, very difficult to be assailed, and at the same time so evanescent, that great caution ought to be used in admitting it to control an absolute deed. The cases where Courts have admitted parol evidence to interfere with written contracts, have generally been where there existed some equity

dehors the deed. There is nothing in this record, which goes to show any equitable circumstance dehors the deed, which would open the door to the admission of parol evidence. On the contrary, the case, as exhibited in the record, affords strong presumption against such evidence. We have not the deed before us, but it is stated to have been made in the year 1818; and the defendant alleges, that it was made to secure the payment of a debt then existing. When we examine the demand set up by the administrator, we find the first item of the account dated on the 3d of *December* of that year, and the account, at the close of the year, so small as to render it extremely improbable that either party would have thought of a mortgage to secure its discharge.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*Nelson,* for the plaintiff.
*Payne,* for the defendant.