Conwell and Another *v.* Evill.

Conwell
v.
Evill.

4b 67
139 408

A bill was filed to redeem certain premises which the complainant had caused to be absolutely conveyed to the defendant. The bill averred that the deed was intended to be only a mortgage; but this averment was expressly denied by the answer. *Held,* that though the complainant might introduce parol testimony to show that a mortgage was intended, yet that the testimony must be very clear and decisive to enable him to succeed. *Held,* also, that evidence of the grantee's confessions, in such case, should be received with great caution.

Proof that the property had cost the complainant about three times as much as he received for it from the defendant, and that the complainant had continued in possession for two years after the execution of the deed, was held not to be sufficient to warrant a presumption that the sale was not absolute, against the face of the deed and the defendant's answer.

ERROR to the *Dearborn* Circuit Court.

Saturday, *May* 30.

BLACKFORD, J.—*Evill* filed a bill in chancery against *Conwell* and *Lewis,* for the redemption of a lot of ground in the town of *Aurora,* which lot, as alleged in the bill, had been mortgaged by the complainant to *Conwell.* The deed, referred to in the bill, is a conveyance absolute on its face, by *Lewis* to *Conwell.* The answer of *Conwell* expressly denies that the deed was intended to be a mortgage; and asserts that it is, and was intended to be, an absolute conveyance. *Lewis's* answer is to the same effect. The decree of the Circuit Court is in favour of the complainant.

*Lewis,* as appears by the evidence, had an absolute deed for the lot, executed by the trustee of the *Aurora* association; but *Evill* was entitled to a resulting trust in it, in consequence of his having paid the purchase-money. By virtue of an agreement between *Evill* and *Conwell,* and at the request of *Evill,* *Lewis* conveyed the lot in fee to *Conwell.* The consideration of the conveyance was the sum of 60 dollars, previously due from *Evill* to *Conwell,* the sum of 50 dollars paid for *Evill* to *Lewis* by *Conwell,* and some other debts of *Evill* to be paid by *Conwell.* The property cost *Evill* about three times the amount, which is said to have been paid for it to *Evill* by *Conwell.* *Evill* continued to occupy the premises for about two years after the conveyance, when *Conwell* took possession without *Evill's* consent.

Parol testimony was introduced by the complainant, with a view of proving that the deed was intended merely as a mort-

gage, to secure the payment to *Conwell* of the money due to him by *Evill.*

Parol evidence to show that a deed, absolute on its face, was intended to have the effect of a mortgage, has been refused admission in a Court of law. *Flint* v. *Sheldon,* 13 Mass. 443. Such evidence has been decided to be inadmissible even in a Court of equity, unless the circumstance of the deed appearing to be absolute, when it was intended to be a mortgage, was occasioned by mistake or fraud. *Wesley* v. *Thomas,* 6 Harr. & Johns. 24.— *Watkins* v. *Stockett's* adm'r. Ibid. 435. In *New-York,* the chancellor has admitted the evidence, on the ground that the attempt to set up the deed as absolute is a fraud. *Strong* v. *Stewart,* 4 Johns. Ch. Rep. 167.— *James* v. *Johnson,* 6 Johns. Ch. Rep. 417. The admissibility of such parol evidence, in equity, has been admitted by this Court, but with an evident disposition to limit the privilege within narrow bounds. *Aborn* v. *Burnett, Nov.* term, 1827.

In the case before us, there is not only an absolute deed for the premises to *Conwell;* but there is the positive answer of *Conwell,* that his purchase was unconditional, and that there was no agreement or understanding whatever, that the deed should be only a mortgage. The parol evidence that can overturn the testimony arising from the face of the deed and the grantee's answer, must be very clear and decisive. The evidence relied on by the complainant for this purpose, consists of loose observations made by *Conwell* in conversing with some of the witnesses. Testimony of such conversations has always been received with great caution. In *Aborn* v. *Burnett,* already cited, the Court says—"The decree is founded on parol evidence of the declarations of the complainant, in certain conversations with the witnesses or in their hearing; a species of evidence extremely liable to be misunderstood or perverted, very difficult to be assailed, and at the same time so evanescent that great caution ought to be used in admitting it to control an absolute deed." In the case of a bill to redeem, where the complainant relied on proof of the grantee's confessions, in order to convert an absolute deed into a mortgage, the Court decided against its sufficiency. The chancellor in that case says,—"The whole rests on the naked, unassisted confessions of *Pell,* made to or in the presence of certain witnesses, about 17 years after he had been in the peaceable occupation of the

premises as apparent owner. It was once observed in the Supreme Court, 6 Johns. Rep. 21, that acknowledgments of the party, as to title to real property, are generally a dangerous species of evidence; and though good to support a tenancy, or to satisfy doubts in cases of possession, they ought not to be received as evidence of title, as it would counteract the beneficial purposes of the statute of frauds. That doctrine strikes me as just and sound, and principles are essentially the same in both Courts." *Marks* v. *Pell*, 1 Johns. Ch. Rep. 599.

If all that *Conwell* said, in any one of the conversations relied on, be examined, it will be found that his remarks are not in contradiction of his answer. He said, at several times, that he did not wish to keep the lot, provided he could obtain his money from *Evill;* and he once said, that he had not taken a mortgage, because he did not wish the trouble of a foreclosure. But upon all these occasions, when the subject was mentioned, *Conwell* always contended that the deed was absolute, and that there never was any intention or understanding that it should be a mortgage. Taking, therefore, as we are bound to do, the whole together of what *Conwell* said in any one conversation, there appears to be nothing confessed by him, upon which the bill can be sustained.

The complainant also relies upon the inadequacy of the price said to be paid for the lot, and upon the continuance of *Evill* in possession for two years after the date of the conveyance, in order to show that the sale was not intended to be absolute. These circumstances, we think, are entitled to more weight than any of the remarks, proved to have been made on the subject by *Conwell*. The inadequacy of the price, however, is not sufficiently great, nor was the possession sufficiently long, under the circumstances, to warrant a presumption against the face of the deed and the answer of the grantee.

*Per Curiam.*—The decree is reversed. Cause remanded, with directions to the Circuit Court to dismiss the bill, &c.

*J. Sullivan* and *J. Test*, for the plaintiffs.

*G. H. Dunn*, for the defendant.