HAYWORTH *v.* WORTHINGTON and Another.

Parol evidence is admissible to prove that a bill of sale of goods, absolute on its face, was intended by the parties to be only a mortgage.

May Term, 1840.

HAYWORTH
v.
WORTHING-
TON.

Tuesday,
July 28.

ERROR to the *Wayne* Circuit Court.

DEWEY, J.—Assumpsit; plea, general issue; verdict and judgment for the plaintiffs below.

On the trial of the cause, the plaintiffs gave in evidence to the jury an instrument of writing executed by one *James Hayworth,* acknowledging an absolute sale by him of a quantity of bacon to the plaintiffs. The defendant, who claimed the same bacon under a subsequent purchase from *James Hayworth,* offered to prove by parol the instrument, a bill of sale, under which the plaintiffs claimed, though absolute upon its face, was designed by the parties to it to be only a mortgage to secure a debt which *Hayworth* owed to the plaintiffs, and which the defendant contended had been satisfied. The plaintiffs objected, and the Court rejected the evidence.

It has frequently been decided that deeds for the conveyance of real estate, unconditional in their terms, might be shown by parol testimony to be intended by the parties as mortgages. These decisions are based upon the assumption, that the admission of such evidence is necessary for the prevention of fraud. Cas. Temp. Talbot, 62.—*King* v. *Newman,* 2 Munf. 40.—*Strong* v. *Stewart,* 4 Johns. C. R. 167.—*Dunham* v. *Dey,* 15 Johns. R. 555.—*Walton* v. *Cronly's* Adm'r. 14 Wend. 63.—*Van Buren* v. *Olmstead et al.,* 5 Paige, 9. And the same principle has been more than once recognized by this Court. *Aborn* v. *Burnett,* 2 Blackf. 101. —*Conwell et al.* v. *Evill,* 4 *id.* 67.—*Blair* v. *Bass, Ib.* 539. We are unable to perceive any good reason for distinguishing between deeds for land, and bills of sale of personal property, in this particular; and in the only cases which we have been able to find, in which the question has been raised in respect to the latter kind of instruments, the distinction has not been made. In *Virginia,* it has been held that parol testimony may be received to prove that a bill of sale purporting to be absolute, was really intended to be only a mortgage.

May Term,
1840.

*Chapman's Adm'x. ▉. Turner,* 1 Call, 244.—*Robertson* v. *Campbell et al.,* 2 ▉all, 421.—*Dabney et al.* v. *Green,* 4 Hen. & Munf. 101.

The Circuit Court erred in rejecting the parol evidence offered by the defendant (1).

*Per Curiam.*—The judgment is reversed and the verdict set aside with costs. Cause remanded, &c.

*M. M. Ray, J. B. Ray,* and *C. H. Test,* for the plaintiff. *J. S. Newman,* for the defendants.

(1) Parol evidence is admissible to show, that an absolute deed was intended as a mortgage, and that the defeasance had been omitted or destroyed by fraud or mistake. 4 Kent's Comm. 142. It is the same, if it be omitted by design, upon mutual confidence between the parties; for the violation of such an agreement would be a fraud of the most flagrant kind, originating in an open breach of trust against conscience and justice. Per *Story,* J., in *Taylor et ux.* v. *Luther,* 2 Sumn. 228.