May Term,
1857.

HEASTON
v.
SQUIRES.

----•-◦◦-•----

HEASTON and Another *v.* SQUIRES and Others.

Trial of the right of property. The claimants offered in evidence a mortgage conveying the property to them, by virtue of which they claimed to hold it, against the execution-creditors of the mortgagor. The mortgage recited that *H.,* one of the mortgagees, was surety to *B., P.* and *G.,* "to the amount of 295 dollars." To show the validity of the mortgage, they offered to prove that the mortgagor owed *B., P.* and *G.,* severally, sums amounting to 295 dollars, and that *H.* was surety on these sums; that these were the facts stated to the scrivener, and that the phraseology of the mortgage was that adopted by the scrivener to express the facts. The Court rejected the evidence, and ruled that to sustain the mortgage, the indebtedness must be shown to be joint. *Held,* that this was error.

APPEAL from the *Wayne* Court of Common Pleas.

PERKINS, J.—Trial of the right of property. On the trial in the Common Pleas, to which Court the cause had been appealed, the claimants introduced a mortgage, made by *Solomon Good,* conveying the property to them, and by virtue of which they claimed to hold the goods, as against execution-creditors of the mortgagor.

The mortgage recited that *Heaston,* one of the mortgagees, stood "security to the amount of 295 dollars to *Washington Baldridge, Jonathan Petty,* and *E. Gellinger.*" A part of the object of the mortgage was to indemnify *Heaston* against loss by that liability—such was a part of the consideration.

To show the validity of the mortgage—that it was not fraudulent—that it was upon a consideration as recited— the claimants offered to prove that the mortgagor, *Good,*

Monday,
May 25.

was indebted to *Baldridge, Petty,* and *Gellinger,* severally, in sums, the aggregate of which amounted to 295 dollars, and that *Heaston* was surety on the several sums; that these were the facts stated to the scrivener who drew the mortgage, and that the phraseology of the mortgage was that adopted by the scrivener to express the facts. But the Court refused to hear the evidence, and ruled that to sustain the mortgage a joint indebtedness to the amount named must be shown, to the persons specified, on which *Heaston* was security.

We think the Court erred. The language used in the mortgage does not conclusively import a joint indebtedness, and might be interpreted according to the facts of the case. Hence, it was proper to prove those facts to aid in the interpretation. See *Stephenson et ux.* v. *Druley,* 4 Ind. R. 519; 1 Greenl. Ev. p. 434, note 2. The ambiguity was a latent one. Greenl. *supra,* pp. 431, 432, 433. What we have said on this point renders it unnecessary that we should comment on any other.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial.

*C. H. Test* and *J. M. Wilson,* for the appellants.

*O. P. Morton,* for the appellees.