(1) Counsel for the appellant cited R. S. 1843, pp. 396, 397, §§ 45, 47; 1 R.
S. 1852, p. 460, §§ 11, 13; 2 *id.* p. 27, § 3.

(2) Counsel for the appellees cited 7 Blackf. 16; 4 Wheat. 77; Nashes Dig.
p. 470, § 13; 4 Ohio R. 446, 458; Story on Agency, p. 268, § 210; *Ward* v.
*Smith*, 3 Sandf. Ch. 592, 596; Adams's Eq. 184, *et seq.; Davoue* v. *Fanning*, 2
Johns. Ch. 260.

---

## TEA *v.* GATES.

If in a suit for the value of property wrongfully taken, under circumstances
rendering it impossible for the plaintiff to know its amount or value, the de-
fendant fail to show the same, the jury must solve all doubts in relation to
amount and value most strongly against the defendant.

APPEAL from the *Tippecanoe* Court of Common Pleas.

HANNA, J.— *Gates* instituted a suit against *Tea* before a
justice of the peace for the value of certain corn, and re-
covered judgment for 50 dollars and 58 cents.   The defend-
ant appealed.   Trial in the Common Pleas, and judgment for
the plaintiff for 58 dollars and 95 cents.    The defendant
brings the case here.

The evidence is in the record, and shows that the plain-
tiff rented of the defendant, in 1854, some twenty-seven or
twenty-eight acres of land, which was planted in corn; and
is conflicting as to the amount of rent that was to be paid
—whether it was one-half in the field, each party to gather
his own, or eighteen bushels per acre, to be by the tenant
delivered in the crib of the landlord.    *Gates* gathered the
corn raised on the greater portion of the ground, taking and

leaving every alternate ten rows, as is shown. There is some conflict as to the amount of ground not gathered over —from seven to ten acres—and also as to the amount of yield. Several witnesses testified as to that point, varying between nineteen and thirty-eight bushels per acre. The defendant, after the corn was thus partly gathered by the plaintiff, took possession of and gathered what stood in the field—the alternate rows left for him, and all of the seven to ten acres.

Upon this state of facts, the Court gave to the jury an instruction asked by the plaintiff, and refused others asked by the defendant, which are the rulings complained of.

The instruction given was as follows:

"If the jury believe from the evidence, that *Tea* took the corn of *Gates* wrongfully, and there are doubts as to the amount or value of the corn so taken, such doubts should be solved most strongly against *Tea*, who by his wrongful act caused such doubts."

The first instruction asked by the defendant, and refused, was clearly erroneous, and, therefore, need not be further noticed. The second was as follows:

"It is the duty of the plaintiff, before he is entitled to recover, to prove all the material facts upon which he relies for such recovery, and if doubts exist as to where the preponderance of the evidence is, those doubts must inure to the benefit of the defendant."

There being a conflict of testimony as to the amount of rent to be paid, and, indeed, an absence of any direct evidence upon the point, the acts of the parties might be received to show what was their understanding. As, in this case, the tenant went into the field and gathered for himself certain portions of the corn, leaving for the landlord, who followed and gathered the same, equal portions, certainly this act, together with the other evidence, was sufficient to justify the jury in determining that each party was entitled to one-half standing in the field. Therefore, the landlord would have no right to take and appropriate to his own use the half which belonged to the tenant. But if the evidence offered by the landlord of the terms of the

renting, to-wit, that he was to have eighteen bushels per acre delivered in his crib by the tenant, was true, that would not, of itself, give him the right to go and take the whole crop without measurement. Perhaps, strictly speaking, he would be driven to his action for the non-payment, unless there were circumstances, such as unreasonable delay in payment, and insolvency of the tenant, which might justify the act.

In either view of the question, there is nothing in the pleadings and evidence in this case which would divest the acts of the defendant of their wrongful character.

This suit is not in the nature of an action of trespass, but is for the value of the corn thus taken by the landlord, which, it is alleged, belonged to the tenant. Under these circumstances, we think that although the plaintiff in effect waived the tort, and brought suit for the value of the corn only, yet when the circumstances were detailed, it was manifest that the defendant, by his own wrongful act, placed it out of the power of the plaintiff to show how much corn was taken, and failed himself to prepare that kind of convincing proof which he might have availed himself of. He is, therefore, not in a condition to complain of the instruction given.

In the leading case of *Armory* v. *Delamirie* (1 Strange, 504), 1 Smith's Leading Cases, 151, the plaintiff a chimney-sweep's boy, found a jewel, and upon presenting it to a goldsmith to know what it was, the smith's apprentice removed the stones from the socket and gave that back, but refused to surrender the stones; and in an action of trover to recover them, the plaintiff was permitted to prove what a jewel of the finest water, that would fit the socket, would be worth; and the jury were instructed that unless the defendant produced the jewel, and showed it not to be of the finest water, they should presume the strongest against him, and make the value of the best jewels the measure of damages. *Id.* 153, and cases cited. That case differed from the one at bar in this, that the jewels having been traced to the possession of the defendant, the presumption was he had them at the time of trial, and if he would produce them

May Term,
1858.

they would be the best evidence of their quality, &c.; and failing to do so, it "afforded occasion for strong presumptions against him." 1 Stark. Ev. 35. In this case, it was not shown whether the property was yet in the possession of defendant, but it was traced there, and was of a kind of property that would not probably remain very long in his possession; yet in gathering it, the defendant could have ascertained the precise quantity, and having failed to do so, or to show that the property was not yet in his possession, we think the instruction was properly given. See *West* v. *Brady*, 6 Ind. R. 395; 2 Blackf. 383.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*G. S. Orth* and *J. A. Stein*, for the appellant (1).

*S. A. Huff*, *Z. Baird* and *J. M. LaRue*, for the appellee.