*T. A. Hendricks* and *O. B. Hord*, for appellees.

---

## THE CITY OF JEFFERSONVILLE v. PATTERSON.

COUPONS.—INTEREST ON.—Suit against the city of *Jeffersonville* upon certain interest warrants attached to bonds issued by the city, and payable to bearer in the city of *New York*. The complaint did not aver a presentation of the warrants at the place of payment, but alleged that the city had no funds in *New York*.

*Held,* that the plaintiff was entitled to interest on the warrants after maturity.

APPEAL from the *Clarke* Common Pleas.

GREGORY, C. J.—This is a proceeding under section 386 of the code. 2 G. & H., p. 222.

The statement of the case shows that *Patterson* is the owner and holder of eleven bonds, each for the sum of $1,000, executed by the city of *Jeffersonville*, under the corporate seal, payable to the *Fort Wayne and Southern Railroad Company*, or "bearer," in the city of *New York*, on the 1st of *June*, 1880, with interest thereon at the rate of six per centum per annum from the 1st day of *June*, 1855, payable semi-annually, in the city of *New York*, on presentation and delivery of the interest warrants attached to the bonds respectively; that *Patterson* is also the owner and holder of the interest warrants, two hundred and nine of which, for $30 each, had matured at and before the commencement of the action; that they are wholly unpaid, and that the appellant has at no time had any money in the city of *New York* for the

payment thereof. Is *Patterson* entitled to interest on the warrants from the time they respectively matured? This was the question submitted to the court below. That court found in the affirmative, and that finding presents the only question in this court.

It is claimed that the interest warrants ought to have been presented for payment in the city of *New York* at maturity, and that the want of funds at the place of payment is no legal excuse for the failure to make such presentation.

We think otherwise. The code provides that "in any action or defense founded on a bill or note, or other contract, for the payment of money at a particular place, it shall not be necessary to aver or prove a demand at the place, but the opposite party may show a readiness to pay such demand at the proper place." 2 G. & H., § 82, p. 107.

In *Gelpcke* v. *The City of Dubuque*, 1 Wallace, 175, the Supreme Court of the *United States* held that "municipal bonds, with coupons payable to bearer, having, by universal usage and consent, all the qualities of commercial paper, a party recovering on the coupons is entitled to the amount of them, with interest and exchange at the place where, by their terms, they were made payable."

The statute provides that "on money due on any instrument in writing, interest shall be allowed at the rate of six dollars a year on one hundred dollars, or at such rate as the parties may agree upon, not exceeding six dollars a year on one hundred dollars." 2 G. & H., § 6, p. 656.

We think that the interest warrants in question, according to commercial usage, and under our statute, bear interest from maturity.

The judgment is affirmed, with one-fourth of one per cent. damages and costs.

*T. L. Smith* and *M. C. Kerr*, for appellant.

*G. V. Howk* and *R. M. Weir*, for appellee.