57    195
24a   512
57    195
167   384

## JOHN JACOB LINDAUER

*v.*

## EPHRAIM H. CUMMINGS, Executor, and others, heirs of FREDERICK N. EHRENFELS.

1. MORTGAGE—*whether a deed, absolute upon its face, is a mortgage—proof necessary to show.* In a proceeding in chancery to redeem a certain lot of ground from a mortgage, alleged to have been executed on the premises, to secure the payment of a debt owing by the grantor to the grantee, the deed being in form absolute, to change its character to that of a mortgage, it was *held*, to require clear proof that it was really but a security for the payment of the debt.

2. And evidence of loose declarations of the grantee in regard to his intentions was regarded as a dangerous species of evidence upon which to disturb the title to land, being extremely liable to be misunderstood or perverted, and the allowance of it for that purpose not in accord with the policy of the law requiring written evidence to attest the ownership of real property.

3. The kind of parol evidence properly receivable, to show an absolute deed to be a mortgage, is that of facts and circumstances of such a nature as in a court of equity will control the operation of the deed, and not of loose declarations of parties touching their intentions and understanding.

4. It has been held that evidence of such declarations alone, is insufficient proof to show an absolute deed to be a mortgage.

APPEAL from the Superior Court of Chicago; the Hon. JOHN A. JAMESON, Judge, presiding.

The opinion states the case.

Messrs. MILLER, VAN ARMAN & LEWIS, for the appellant.

Mr. SIDNEY SMITH, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This is an appeal from the decree of the Superior Court of Chicago, dismissing the bill filed in that court by the appellant, John Jacob Lindauer, against the appellees, to redeem lot 9 in block 98, in school section addition to Chicago, from a mortgage alleged to have been executed on the 9th day of July, A. D. 1860, by Lindauer, the then owner of the property, to Frederick N. Ehrenfels.

On the 9th day of July, 1860, Lindauer executed to Ehrenfels a warranty deed of said property, with full covenants.

On the 28th day of December, A. D. 1865, Ehrenfels died, leaving a will in which he named Ephraim H. Cummings and Sophia Ehrenfels executor and executrix. Sophia renounced, leaving Mr. Cummings the sole executor. On the 15th day of May, 1866, Lindauer filed his original bill, and on the 22d day of November, of the same year, filed his amended bill.

The amended bill alleges that Lindauer, on the 13th of October, 1856, being indebted to Ehrenfels in the sum of $882, executed to Ehrenfels a promissory note, with a trust deed of this lot to O. R. W. Lull, trustee, to secure the payment of that sum, with interest at ten per cent, in one year from that time; that on the 1st of April, 1859, being indebted to Ehrenfels in the further sum of $1,495, he executed a promissory note to Ehrenfels, together with a trust deed to Samuel Straus, as trustee, to secure the payment thereof, with interest at ten per cent per annum, in one year from the said first day of April; that on the 9th of July, 1860, Lindauer and Ehrenfels accounted together, when Lindauer was found to be indebted to Ehrenfels in the sum of $2,800; that he was unable to pay the amount, and under the necessity of borrowing $200; that Ehrenfels lent him this additional

sum, thereby increasing his indebtedness to Ehrenfels to the sum of $3,000, and that to secure the repayment of said sum, he conveyed said lot to Ehrenfels by a deed in the form of an absolute conveyance thereof, but upon the understanding and under an agreement with Ehrenfels that Ehrenfels should take charge of and rent said lot, and apply the rents which should accrue therefrom towards the payment of said sum, and that he should continue to rent the premises and thus apply the rents until he should deem it for the interest of Lindauer to sell the premises or until the indebtedness should be paid out of the rents, and in the event of his selling it he should apply the proceeds of such sale to the payment of said indebtedness, with interest, and pay over the balance to complainant, and in case the premises should not be sold, that he should reconvey the lot to complainant upon the payment of said indebtedness; that prior to this time the property had been improved by the erection of buildings thereon ; that Ehrenfels accordingly took possession of said premises and kept them under lease and continued to receive the rents which accrued therefrom, to the time of his death, which took place December 28th, 1865 ; that the rents thus received by him, and by his executor since his decease have been more than sufficient to pay off said mortgage debt. Complainant asks for an account, offers to pay any deficiency, and prays to be allowed to redeem.

The defendant Cummings, in his answer, admits the execution of the notes of October 13th, 1856, and April 1st, 1859, and the trust deeds to Lull and Straus to secure payment of the same, and the execution of the deed of July 9th 1860, from Lindauer to Ehrenfels, but avers that the same was intended to be, and was, an absolute deed and not a mortgage, or subject to any parol trust; admits that said two notes remained unpaid up to the 9th day of July, 1860 ; denies that any principal or interest was paid thereon, or. that usurious interest was claimed or allowed ; avers that said notes were surrendered to Lindauer as part of the consideration for his

said deed, and that whatever money was paid was not as a loan, but also as part of the consideration for said deed; that at the same date of the deed Lull and Straus released the trust deeds; that afterwards, and on the 21st of June, 1865, Ehrenfels conveyed to Lindauer land at Rock Island Junction, in Cook county, then worth $1,000, but upon no other or further consideration except the deed of July 9th, 1860, from Lindauer to him, so that complainant actually received in indebtedness surrendered and cancelled, additional cash, and the land at the Junction, $4,000, as the consideration for his conveyance to Ehrenfels of said lot 9 in block 98, school section addition, which was executed in pursuance of an absolute and *bona fide* sale to Ehrenfels upon a full and fair consideration.

Sophia, Philip and Johannes Ehrenfels filed a similar answer, denying that the deed of July 9th, 1860, was intended as a security by way of mortgage; avers that it was intended for and was an absolute conveyance in pursuance of a *bona fide* sale, and denies all the equities of the bill.

The lot is situate at the corner of Sherman and Van Buren streets, in Chicago, being fifty feet on Sherman by one hundred feet on Van Buren. There were on it at the time of the execution of the conveyance of July 9th, 1860, two hotels or houses, known as the American House and the Wisconsin House.

The only questions are, whether this conveyance of July 9th, 1860, was in consummation of a sale of the property by Lindauer to Ehrenfels, and intended by both parties to operate as an absolute conveyance of it, or whether it was intended as a security for the repayment of money advanced by Ehrenfels to Lindauer; and if the latter, whether it has been discharged by a subsequent arrangement between the parties.

A deed from Ehrenfels to Lindauer, of the five acres at Rock Island Junction referred to in the answer, was in evidence, dated June 21, 1865, consideration $1000, receipt of which is

acknowledged, and deed of same property from Lindauer to Anna C. Eisle, dated March 5th, 1866.

Releases of the two trust deeds given to secure the two notes which Ehrenfels held against Lindauer, were executed at the same date as this deed of July 9, 1860, and we are satisfied from the testimony that the notes were not retained by Ehrenfels, but were surrendered up or cancelled.

From the date of that deed, Ehrenfels seems to have rented the property, received the rents, paid insurance and all taxes, assessments and water rents thereon; he paid Nov. 3, 1865, one assessment of $1,141.60, for improving Van Buren street, to raise the money for which he was compelled to sell some of his other real estate; paid $50 for a quit claim deed to cure a defective acknowledgment in the chain of title; made considerable repairs and improvements on the property; advertised it for sale, placed it in the hands of his agent, (Cummings), for sale, who placed his sign or board upon it, indicating that it was for sale by him; and there does not appear to be any testimony to show that Lindauer, from the date of this deed to the death of Ehrenfels, Dec. 28, 1865, ever exercised any acts of ownership, or made any claim to any interest in this property, or called upon Ehrenfels for any account in relation thereto.

The complainant offered evidence to show that $3000 was an inadequate price for the property at the date of the deed, but we do not regard it as sufficient to affect the character of the transaction on that head. A number of his witnesses place the value of the property much higher than that, but defendants' witnesses, who appear for the most part to have better means of the knowledge of values than those of the complainant, pronounce that a fair price at the time, and Lindauer had put it into the market at that price, offered it to Ayers at that, and had concluded a bargain for it at that price with Schlecht, who would have taken it at that price, if Ehrenfels had not. Schlecht's subsequent offer of $4000 was not, under the circumstances, a very satisfactory test of value, and a suspicion is excited as to its good faith, as he might easily have obtained the property

by taking a deed from Lindauer and paying or tendering to Ehrenfels his debt of $3000, which would have extinguished his interest in the property, had his deed been such as is claimed; and according to the testimony, Lindauer was desirous that Schlecht should have the property.

The deed in question is in form absolute. To change its character to that of a mortgage, it must be clearly proved that it was really but a security for the payment of a debt.

The proof by which the complainant undertakes to establish this consists, for the most part, of the loose declarations of Ehrenfels in regard to his intentions.

This is a dangerous species of evidence upon which to disturb the title to land; it is extremely liable to be misunderstood or perverted, and the allowance of it, for that purpose, does not accord with the policy of the law requiring written evidence to attest the ownership of real property. The kind of parol evidence which is properly receivable to show an absolute deed to be a mortgage, is that of facts and circumstances of such a nature as, in a court of equity, will control the operation of the deed, and not of loose declarations of parties touching their intentions or understanding. It has been held, that evidence of such declarations, alone, is insufficient proof to show an absolute deed to be a mortgage. *Sutphen* v. *Cushman et al.* 35 Ill. 186; *Marks* v. *Pells*, 1 Johns. Ch. R. 594; *Kelley* v. *Bryan*, 6 Iredell, Eq. 287; *Aborn* v. *Bennett*, 2 Blackf. 101.

And so far as the evidence of admission goes, those of Ehrenfels in support of the claim of the bill, are about counterbalanced by those of Lindauer adverse to it.

The surrounding facts, and subsequent conduct of the parties, are in corroboration of an absolute sale, and many of the facts are repugnant to a subsisting relation of mortgagor and mortgagee.

The proof in support of the bill, seems to be vague and unsatisfactory.

But were the proof clear that the deed was but a security for a debt, we think the taking of the five acres of land at the Junction, should be held conclusive against the right to

maintain this bill. It is insisted that there is no reliable proof connecting the deed of this five acres with the conveyance of this hotel property. But the testimony of Blickhahn, Klippell and Cummings, satisfies us that Ehrenfels conveyed to Lindauer this land, as a further compensation for the property in question.

It does not appear, with certainty, whether it was conveyed in pursuance of an agreement contemporaneous with the deed of July 9, 1860, and as a part of its original consideration, or as a gratuity induced by dissatisfaction in the mind of Lindauer, caused by the subsequent offer of the additional $1000 by Schlecht for the property, or in satisfaction of the alleged equity of redemption. In regard to the value of this five acres, it seems to have been $200 per acre in 1860; $400 or $500 per acre in 1865, and about $1000 per acre in 1868; so it would appear to have advanced in value at about an equal pace with the property in question, and whenever it was taken, to have been about an equivalent of the additional $1000 offer, made by Schlecht.

When the arrangement for the taking of it was made, is not certain. The date of the deed would indicate that it was made then, June 21, 1865.

But the deed might have been made in execution of a previous agreement of long standing, and the statement of Lindauer, in April, 1866, that he had had the land for quite a time, and had paid taxes on it for some years, would tend to show such to be the case; as would also the $1,000 consideration expressed in the deed, which was much less than the value of the land at the date of the deed, and about its value in 1860.

But however this may have been, the result is the same. If the land was conveyed as a part of the original consideration, it is conclusive against the claim that this deed was intended as a mere security for debt. It could not be that a creditor would convey to the debtor property of such an amount, in consideration for a mortgage given only to secure the debt.

If the deed was originally intended as an absolute sale for $3000, it would not be rendered less valid by the subsequent conveyance of this land as a gratuity.

If the land was conveyed and accepted on account of and for a claim of an equity of redemption, we must give to it the force and effect of a full satisfaction and discharge of such claim.

We hold that the conveyance of this five acres of land, was intended for, and operated as, an extinguishment of all claim whatever of the appellant to the property in question.

The decree of the superior court is affirmed.

*Decree affirmed.*