Worley v. Dryden.

————o————

EBENZER M. WORLEY, Respondent *vs.* MORGAN DRYDEN, Appellant.

1. *Deed absolute on its face intended as a mortgage—Nature and amount of proof required.*—Although a deed may be absolute on its face, yet if it be shown that it was given merely as a security for debt, courts of equity will decree it to be a mortgage with the right of redemption. And no agreement of the parties can take away that right. But the burden of proof is upon the party who alleges that such a deed is a mortgage, and the proof must be clear and convincing, leaving no room for reasonable doubt as to that fact.

*Appeal from Bates Circuit Court.*

*Bassett & Hicks,* for Appellant.

I. There are no averments in the petition of fraud, mistake, surprise or inadequacy of price in making the contract as expressed in the deed, or in the execution of the same. And these are the only cases in which parol evidence is admissible in equity against the contract specified in the deed. (Stephens vs. Cooper, 1 Johns. Ch., 428; Wells vs. Rice, 1 Hill, 602; 6 Hill, 220; Watkins vs. Sockett, 6 Har. J., 444; 1 Sandf. Ch., 38; Parker vs. Vick, 2 Dev. & Battle, 195; Lyons vs. Richmond, 2 Johns. Ch., 57; Salatut vs. Schmidt, 1 Spears E., 421; Greenwood vs. Eldridge, adm'r, 1 Green. C., 165.)

II. The testimony of Worley as to what took place when he delivered the deed to Dryden was incompetent, and no decree could be founded in part or in whole thereon. Neither at law or in equity can parol evidence be received to show that a deed, absolute on its face, was agreed to be, or was a mortgage when the parties intended that the instrument should be in the form in which it is. (Cook vs. Easton, 16 Barb., 429; Webb vs. Rice, 1 Hill, 610.)

III. The parol evidence offered was, at all events, not sufficient to change the deed, absolute on its face, into a mortgage.

In the case of Allen vs. McRea, 4 Ired., 335, Judge Ruffin said: "An absolute deed is not, indeed, conclusive that there was an absolute purchase, but it is almost so, and can only be avoided by some admissions of the defendant in his answer, or by a chain of circumstances that render it almost as certain that it was intended as a security, or if it had been expressed in the deed, such as the disparity between the sum advanced, and the value of the property, the continual possession of the former owner, etc. But there is no case, we believe, in which relief has been given upon mere proofs by witnesses of declarations by the party in opposition to the deed and answer." (See Aborn vs. Barrett, 2 Blackf., 101.)

*R. Adams & W. P. Johnson*, for Respondent.

A deed, though absolute on its face, if intended and received merely as a security for a debt, is a mortgage. The evidence in this case undoubtedly shows, that the deed made by Worley to Dryden, although absolute on its face, was intended to secure Dryden for the amount advanced to Worley. This is a case in which the intention of the parties and the nature of the transaction between them must be determined not merely from the face of the deed, but by all the circumstances attending the transaction. In order to ascertain the intention of the parties, the court will not only look to the deed and writings, but to all the circumstances of the contract. (See Brant vs. Robertson, 16 Mo., 129; Wilson vs. Drumite, 21 Mo., 325; 4 Kent, 9 Ed., 177–8; Renick vs. Price, 6 Am., 268; Henry vs. Davis, 7 Johns. Ch., 40; Clark vs. Cowan, 2 Cowan, 324; Marks vs. Bell, 1 Johns. Ch., 594; Stevens vs. Stewart, 4 Johns. Ch., 167; Whittock vs. Kane, 4 Paige, 203; Slee vs. Manhattan Co., 1 Paige, 48; Van Barn vs. Olmstead, 5 Paige, 9; Van Barn vs. Russell, 3 Barb., Ch., 325; McIntyre vs. Humphreys, Hoff., 31.)

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding in the nature of a bill in equity to have a deed absolute and unconditional on its face, for certain lands lying in Bates County, made by the plaintiff to the defendant, declared a mortgage, and asking that plaintiff might be permitted to redeem.

The petition alleges, that in November, 1858, plaintiff being indebted to defendant in the sum of four hundred and two dollars for money loaned, executed to him a deed for the land therein described; that the deed so made, although absolute on its face, and purporting to convey, unconditionally, all the right, title and interest that the plaintiff had to the land, was only made for the purpose of securing the amount therein specified, of four hundred and two dollars, money loaned by defendant to plaintiff, together with interest there-

on, from the time of making and delivering said deed at the rate of ten per cent. per annum, and with the distinct and express understanding and agreement by and between the plaintiff and defendant, that plaintiff should be allowed to redeem the land upon full payment of the indebtedness, and all the interest accrued thereon. There is, then, an averment that in May, 1869, defendant sold to one Speaks, a portion of the land, and that Speaks was an innocent purchaser, having no notice of the claim of the plaintiff, and that he had a good title. The petition then states, that since the execution and delivery of the deed, plaintiff has often and repeatedly offered to pay defendant the indebtedness, with all the interest accrued thereon and all the reasonable expenses that he had incurred, and requested the defendant to accept the same and allow him to redeem the land, but that he refused and fraudulently set up that he was the legal owner of the land, and that plaintiff had no right to redeem. Plaintiff, therefore, prayed that he might be allowed to redeem the land, except that sold ; that an account might be taken to ascertain the amount due from plaintiff to defendant after deducting the amount received from Speaks, and that in the adjustment of the account plaintiff should have credit, and be allowed all just sums to which he might be entitled, etc.

Defendant, in his answer, denied that in November, 1858, or at any other time, plaintiff was indebted to him, in the sum of four hundred and two dollars or any other sum of money loaned, or that plaintiff being so indebted to him executed the deed in the petition mentioned, as a mortgage to secure the payment thereof. He denied that the deed so executed and delivered to him by plaintiff, was, at the time the same was delivered, agreed or intended to be a mortgage to secure the payment of money loaned. The answer then averred the fact to be that in November, 1858, plaintiff, in consideration of the sum of money mentioned, granted, bargained and sold to the defendant the land in question, and in pursuance of such sale, executed and delivered to him the deed ; that the deed was absolute and unconditional, and was so in-

tended to be by the parties, the terms thereof being in accordance with the bargain and agreement entered into. When the case came on to be heard, the court, upon the pleadings and proofs adduced, decreed that the deed was intended to be a mortgage, being given to secure the payment of money loaned ; and from this decree the defendant appealed.

An account was then taken between the parties, and the defendant was allowed for the taxes that he had paid and improvements made on the land, which allowance was decreed to be a lien on the land in his favor, and from this decree the plaintiff also appealed to this court. The main evidence in the case is that given by the parties to the record, the plaintiff and defendant, and they directly contradict each other. The plaintiff swears that the money which he received was a loan, and that he conveyed the land only to secure its payment; that he was to repay the money in either one or two years with interest, and then the defendant was to convey the land back to him. He testifies, that during all the time that intervened between the making of the conveyance and the demand in 1869, in which he was to be permitted to redeem, he wrote but one letter to the defendant on the subject, and that he received no answer to that. He also states that he paid no taxes on the land, and it is fully shown that defendant paid the taxes and exercised ownership over the land from the time it was conveyed to him till the commencement of this suit.

Plaintiff, in addition to his own testimony, introduced witnesses to prove the admissions of the defendant in reference to the transaction. But their evidence, with the exception of that of Mrs. Chaney, was of little or no importance. They had a distant or dim recollection of hearing the defendant say that he had loaned money to plaintiff, and had taken a mortgage on his land for security, but on cross-examination they admitted that they really knew nothing about it. Mrs. Chaney, however, testified, that she had heard defendant say that he had loaned plaintiff upwards of three hundred dollars, and had taken a mortgage on the land in Bates County, to

Worley v. Dryden.

secure its payment, and that he expected that he would get the land, as he did not believe the plaintiff would have the money to repay him.

Defendant, in his testimony, positively denies that he ever made any such statement, and contradicts entirely the evidence of the plaintiff. The evidence of the plaintiff is surely not satisfactory in support of his claim. Nearly eleven years elapsed before he paid any attention to the subject, or took any interest in the redemption of the lands. During all that time defendant was in possession, paying taxes and keeping down incumbrances. It is true, he says, that he did not know where defendant could be found. But this seems improbable. When the conveyance was made and the money delivered to plaintiff, both plaintiff and defendant were living in Buchanan county. This was in the Fall of 1858.

Defendant continued to reside there, in the same place till the Summer of 1865, a period of seven years, when he removed to Holt, an adjoining county, and from thence he removed to Cass county where he still resides. At any time then, within seven years, defendant might have been found at his old residence where he lived when the bargain between the parties was made, and, undoubtedly, after that time any inquiry among his former neighbors would have disclosed his new place of abode.

This laches of the plaintiff and neglect to assert any title to, or interest in, the land for such a length of time is not easily reconcilable with any good or meritorious claim in him.

As regards the law in the case there is no difficulty where the facts are clear, although the deed may be absolute on its face. Yet if it be shown that it was given merely as a security for a debt, courts of equity will decree it to be a mortgage which carries with it the inseparable incident of the right of redemption.

Thus in Brant vs. Robertson, (16 Mo., 129,) it was said, that it may be taken as universally true in law, that no conveyance can be a mortgage, unless it is made for the purpose

of securing the payment of a debt or the performance of a duty, either existing at the time the conveyance is made, or to be created, or to arise in the future. If the payment of money is the object of the security or conveyance, then there must exist a duty to pay the money. Not that it is necessary that the duty should be evidenced by a bond or covenant, or note or other security. A mortgage may as well be given to secure the payment of a loan, where the whole evidence of the debt rests in the memory of witnesses, as if it could be shown by the most solemn instrument. So an absolute deed may be shown to be a mortgage by showing that it was made as a security for the debt or the performance of the duty, whatever may be the evidence of the debt or duty. In the case just referred to, there was no doubt as to the evidence; the question being as to whether the transaction was a mortgage or a conditional sale, there being an absolute deed executed on one side, and a defeasance in writing made on the other.

In Wilson vs. Drumrite, (21 Mo., 325,) it was held, that every conveyance intended as a security for money was a mortgage, and that no agreement of the parties at the time could take away or limit the right of redemption. But in this case also, there was no difficulty as to the facts, the main question being to ascertain the true character of the instrument. (Turner vs. Kerr, 44 Mo., 429.)

The deed is always the best evidence in the first place, of the intention of the parties, and before it can be altered or changed in its legal import, convincing and satisfactory evidence must be adduced for that purpose. The following limitations, laid down in a recent case, express fully and accurately the now prevailing rule and practice.

The burden of proof is upon the party who alleges the absolute deed to be a mortgage. In general, mere declarations must be corroborated by facts; the proof must be clear and convincing, and the terms of the parol defeasance must be established. (Per Strong, J., in Todd vs. Campbell, 32 Penn. St., 253.)

In the case of Connell vs. Erill, (4 Blackf., 67,) the complainant brought a bill in equity to redeem certain premises. which he had conveyed to the defendant by an absolute deed. The bill set forth that the deed was intended for a mortgage, but the answer expressly denied it. It was held, that though the intention alleged might be proved by parol evidence, such evidence, to be effectual, must be very clear and decisive; and that evidence of defendant's admissions should be received with great caution.

It was further held, that proof of the property having cost the plaintiff about three times as much as the defendant paid for it, and of the plaintiffs having retained possession two years after the conveyance, did not warrant a presumption that the deed was a mortgage against the form of the deed and the answer of the defendant.

And such is now the better doctrine. To reform a solemn deed and turn it into a mortgage by parol evidence, there should·be full, clear and unequivocal proof. (Perry vs. Pearson, 1 Humph., 431; Overton vs. Bigelow, 3 Yerg., 513; Zone vs. Dickerson, 10 *Id.*, 373; Arnold vs. Mattison, 3 Rich. Eq., 153.)

This court has gone as far as any in holding, that before a deed can be contradicted and the title to land effected, that there should not only be clear and unequivocal evidence, but there should be no room for a reasonable doubt as to the facts relied upon. (Johnson vs. Quarles, 46 Mo., 423.)

The authorities are extensively collected in Ringo vs. Richardson, (53 Mo., 385,) and the doctrine is emphatically reiterated.

The evidence of the verbal admissions is at best weak, and is always to be received with great caution. Greenleaf pertinently remarks : " The evidence, consisting as it does, in the mere repetition of oral statements is subject to much imperfection and mistake; the party himself either being misinformed or not having clearly expressed his own meaning, or the witness having misunderstood him. It frequently happens also, that the witness, by unintentionally altering a

few of the expressions really used, gives an effect to the statement completely at variance with what the party actually did say." (1 Greenl. Ev., §§ 45, 97, 200.)

All the circumstances surrounding the deed, are in favor of its expressing the real contract between the parties.

There is no such inadequacy between the consideration paid and the value of the land, as would afford any presumption against the validity and good faith of the transaction.

The defendant took possession of the land and continued in possession for eleven years, all the while paying taxes on the same and exercising the rights that an owner does with his property. The answer of the defendant and his evidence completely negative the averments in the petition and the testimony of the plaintiff. We have, then, nothing to overcome the circumstances above alluded to, and the presumption in favor of the deed, except the verbal admissions heretofore spoken of made about twelve years before the testimony was given, and which, to my mind, are utterly insufficient to overthrow the deed or in any wise change or alter its character.

I think the judgment should be reversed and the petition dismissed; all the judges concur.