## HAZZARD ET AL. *v.* DUKE.

PROMISSORY NOTE —*Parol Evidence that Endorsement was intended as Collateral.*—Parol evidence is competent to establish the fact that an endorsement of a promissory note was intended to transfer the note simply as collateral security and not absolutely.

Hazzard *et al. v.* Duke.

SAME.—*Sale of Collateral.—Measure of Damages.*—An endorsee of a promissory note held as collateral to secure advances, who sells and transfers the same to another, is liable to the endorser for the value thereof at the time of sale ; which value is, *prima facie*, the amount of the note when transferred, including interest.

SAME.—*Compensation for Collecting.—Instruction.*—Such collateral endorsee can not complain of an instruction to the jury trying an action against him by the endorser, which directs them to charge him with interest on the balance due the plaintiff, after deducting advances by the defendant, interest thereon and *compensation for collecting* such note.

SAME.—*Interest.*—Interest is allowable on money wrongfully or unreasonably withheld.

From the Henry Circuit Court.

*M. E. Forkner* and *E. H. Bundy*, for appellants.

*J. Brown* and *J. M. Brown*, for appellee.

BIDDLE, J.—The appellee in his complaint avers, that the appellants were bankers under the firm name, "Hazzard, Murphey & Co.;" that he delivered to them three promissory notes, executed by Hiram Allen to him, secured by mortgage on real estate, as security for a loan, and for further advances ; that they made certain other loans to him, then refused to make further advances, and collected the amount of the notes so delivered as collateral security, and refused to pay the appellee any part thereof. Wherefore, etc.

There was also a paragraph of complaint on the common count for money had and received.

Answer, trial by jury, verdict for appellee, judgment, appeal.

Four questions are presented by the record below, and by the assignments of error here :

1. The insufficiency of the complaint for the want of alleged facts.

No objection to the complaint is pointed out, and we can find none; indeed, this point is essentially waived by the appellants in their brief.

2. The appellee was permitted to testify at the trial, without objection, that the notes and mortgages were de-

livered by him to the appellants as collateral security, and not absolutely. Afterwards the appellants moved to strike this testimony out of the record, upon the ground that the assignment of the notes was in writing, which could not be thus contradicted by parol evidence; but the court overruled the motion.

It was competent to show by parol evidence that the assignment was collateral. The authorities sustain the court in this ruling: *Conwell* v. *Evill*, 4 Blackf. 67; *Blair* v. *Bass*, 4 Blackf. 539; *Heaston* v. *Squires*, 9 Ind. 27; *The Evansville, Indianapolis and Cleveland Straight Line R. R. Co.* v. *Shearer*, 10 Ind. 244; *The Chicago, Cincinnati and Louisville R. R. Co.* v. *West*, 37 Ind. 211; *Mace* v. *Jackson*, 38 Ind. 162; *Stanley* v. *Sutherland*, 54 Ind. 339.

3. The court instructed the jury as follows:

" If you find from the evidence, that the notes were delivered to the defendants as security for money loaned to plaintiff by the defendants, and were to be collected by the defendants, when they became due, and the proceeds to be applied to the payment of such loans, in trust thereon, and a reasonable compensation for the collection of the same, and you further find that the defendants sold and assigned the notes to other parties without the consent of the plaintiff, then the defendants would be bound to account to said plaintiff for the amount of such notes so sold, and interest thereon, which had accrued at the time of such sale, the same as if they had collected the same."

The appellants have nothing to complain of in this instruction. The rule of damages was, doubtless, the value of the notes thus assigned, at the time they were sold by the appellants; but that value would be, *prima facie*, the amount of the notes and interest; and, as there was no evidence in the case tending to show that the notes were of any less value, the instruction was right. *Mettler* v. *Moore*, 1 Blackf. 342; *Hayworth* v. *Worthington*, 5 Blackf.

361; *Parks* v. *Marshall,* 10 Ind. 20; *Tea* v. *Gates,* 10 Ind. 164; *Pribble* v. *Kent,* 10 Ind. 325; *Pierce* v. *Spader,* 13 Ind. 458; *Yater* v. *Mullen,* 24 Ind. 277; *Ellis* v. *Wire,* 33 Ind. 127.

4. The court also instructed the jury as follows:

" If you find that there is a balance due the plaintiff, then he is entitled to recover interest thereon from the time said balance was collected by the defendants, and after the payment of all advances to plaintiff, interest thereon, and compensation for collecting said notes."

If there is any error in this instruction, it is not against the appellants. It is clear that the appellee—it being a money transaction—was entitled to interest on all money detained from him; but it is not so clear that the appellants were entitled to deduct the expenses of collecting notes which they had wrongfully sold as their own property, and converted the proceeds to their own use.

Interest is allowable on money wrongfully or unreasonably withheld. *Rogers* v. *West,* 9 Ind. 400; *Kellenberger* v. *Foresman,* 13 Ind. 475; *The City of Jeffersonville* v. *Patterson,* 26 Ind. 15; *Miller* v. *Billingsly,* 41 Ind. 489; *Killian* v. *Eigenmann,* 57 Ind. 480.

The judgment is affirmed, at the costs of the appellants, with ten per cent. damages.