## JOHN H. TEDENS

v.

## BARRETT B. CLARK.

*Mortgages—Deed Absolute on 'its Face—When a Mortgage—Right to Redeem—Costs.*

1. A deed absolute on its face will be considered a mortgage when it clearly appears to have been so intended when executed.

2. In the case presented, it is *held:* That the deed in question is a mortgage, and the complainant has a right to redeem therefrom; and that the court below should have ordered an account taken of the amount due.

[Opinion filed December 16, 1887.]

APPEAL from the Circuit Court of Will County; the Hon. DORRENCE DIBELL, Judge, presiding.

On December ʼ20, 1858, Michael Finlon and wife (from whom both appellant and appellee claim title) executed and delivered to the appellee, Clark, a warranty deed for the N. ½ of the S. E. ¼ and the N. E. ¼ of Sec. 1, T. 37, R. 10; Will County, Illinois, for the expressed consideration of $772. Said deed contained an error in description. The parties to it intending that the N. ½ of the W. ½ of the S. E. ¼ of Sec. 1, and the N. E. ¼ of the S. W. ¼ of Sec. 1 only, should be conveyed. On the same day Clark executed an agreement to convey said premises to Finlon in fee simple, on the 20th day of December, 1860, for $772. This agreement was intended only to embrace the eighty acres, as stated above, but the draftsman made the same mistake in the description as in the deed. Clark, to correct the mistake in the description in the Finlon deed to him, deeded to Finlon the east forty acres. On December 5, 1861, Finlon and wife executed to H. H. Cody, as trustee, a trust deed upon all of the said N. ½ of the S. E. ¼ and the N. E. ¼ of the S. W. ¼ of Sec. 1, and also upon part of the W. ½, N. E. ¼ of Sec. 2, T. 37 N., R. 10, to secure three

notes given to James Burns; one note for $52.50, one for
$162.50 and one for $94.26. Said notes were payable three
years after date, with interest at ten per cent. per annum. On
March 7, 1863, a settlement was had between Clark and Fin-
lon, and papers to the following effect were executed and
passed to the respective parties: "This is to certify that
Barrett B. Clark, of the town of DuPage, County of Will and
State of Illinois, and Michael Finlon have settled all accounts,
to this date, March 7, 1863.          MICHAEL FINLON."

"This is to certify that Barrett B. Clark, of the town of
DuPage, County of Will and State of Illinois, and Michael
Finlon have settled all accounts to this date, March 7, 1863."
                              "BARRETT B. CLARK."

Finlon remained in possession of the land after the deed to
Clark, and was in possession in 1864, when he went into the
army. On his return from the army, in 1865, he found John
Weiss cultivating the west forty as tenant of Clark, and so
continued to 1881. The east forty was never out of the pos-
session of Finlon.

On July 7, 1874, Finlon paid on the Burns notes, $200,
which was the sole payment made on them. The notes were
indorsed to appellant by Burns. Default having been made
in their payment, he applied to H. H. Cody, trustee, to sell
said premises. Notice of sale was given as required by law,
and on July 25, 1883, sale of said premises was made, and ap-
pellant became the [purchaser for the sum of $1,900. On
August 1, 1883, the trustee conveyed to the appellant said
N. W. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ and N. E. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ of said section 1,
T. 37, R. 10, and Finlon, as his tenant, is in possession thereof.
Appellant by his bill claims that the deed executed by Fin-
lon and wife to Clark, on December 20, 1858, was a mortgage,
and that it has been fully paid. And that said deed is a cloud
upon his title, acquired through the sale under the trust deed
of Finlon and wife to Cody, which ought to be removed, and
that, if it should be held that Clark has not been satisfied or
paid in full, then he claims he has a right to redeem by the
payment of what may justly be due and owing Clark on an

accounting to be had.  Appellee denies that the deed executed
to him by Finlon and wife is a  mortgage, and asserts that it
was a conveyance in fee simple, and that he is absolute owner
thereof; denies that appellant is entitled to any relief under
his bill.  The Circuit Court on hearing, dismissed bill, from
which this appeal is taken.

Mr. D. BLACKMAN, for appellant.

Mr. BENJ. OLIN, for appellee.

WELCH, J.   Was the conveyance of December 20, 1858, of
Finlon and wife to appellee, an absolute sale and conveyance,
or was it intended only as a  security in the nature of a mort-
gage?   The statute declares, that " every deed conveying real
estate, which shall appear to have been intended only as a
security in the nature of a mortgage, though it be an absolute
conveyance in terms, shall be considered as a mortgage."

It has been repeatedly held by the  Supreme Court that a
deed absolute upon its face, is not to be considered as a " mort-
gage," unless it be made to appear clearly, to have been so in-
tended at the time of its execution.   Sutphen v. Cushman, 35
Ill. 186; Lindauer v. Cummings, 57 Ill. 195; Price v. Karnes,
59 Ill. 276; Remington v. Campbell, 60 Ill. 516; Magnusson
v. Johnson, 73 Ill. 156.   Upon a careful examination of this
record, we are of the opinion that the conveyance of December
ber 20, 1858, of Finlon and wife to appellee, is a mortgage;
that the original object of this conveyance as intended and
understood by the parties was for the purpose of securing the
sum of $772, due from the grantor to grantee.

Appellee states in his bill against Finlon and wife and John
Weiss, filed April 25, 1868, and amendment filed and sworn
to August 9, 1870, "that the original object of said convey-
ance was to afford your orator security for his said debt; that
to carry out this object your orator, at the time and on the
occasion of the delivery to him of said deed of conveyance,
made, executed and delivered to said Finlon an agreement
bearing even date with said deed, to reconvey to him (said

Finlon) said premises described in said deed, upon condition that the said Finlon should pay to your orator the amount so due him, on or before the 2d day of December, 1860." The amount of money which Finlon owed, stated in the contract, was the sum of $772. The parties did not treat the conveyance as a sale. The grantor in the deed remained in possession and use of the property, as owner, after the deed was made, as he did before. Finlon says: "I did not leave the eighty acres after I gave the deed, and have not left them yet. I have had possession of the middle forty acres, between my home and the west forty, ever since I bought of the Canal Trustees.

"I was at home about 1864, and went into the army. After the deed to Clark, two or three years after, I was in the army about two years. When I came back I found John Weiss cultivating the west forty acres. After John Weiss went on this forty acres, down to 1881, Clark had it and rented it. I was occupying and using this eighty acres when I made the trust deed to Cody."

Finlon and wife both state that they understood the conveyance to be a mortgage, intended only as security for the payment of the sum of $772, due the grantee. It is contended that under a settlement made between the parties on the 7th day of March, 1863, the deed should be regarded as an absolute conveyance. The title of appellant is acquired under a sale made under the trust deed executed by Finlon and wife to Cody, on December 5, 1861. No agreement of Finlon made with Clark in 1863 could in any way affect or defeat the rights of appellant acquired under the Cody deed. Appellant, by his purchase under that deed, became the owner of the property, subject only to the mortgage of appellee, but could not defend against the mortgage on the ground of usury entering into its consideration. In Clark v. Finlon, 90 Ill. 245, the litigation was between mortgagor and mortgagee, and the consideration purged by the master of all usury, which was proper as between such parties. The decree of the Circuit Court, dismissing appellant's bill, was erroneous. The court should have found that the conveyance of December 20,

1858, of Finlon and wife to Clark, to the premises in contro-versy, to wit, the northwest quarter of the southeast quarter and the northeast quarter of the southwest quarter of section 1, town 37 north, range 10, east of the 3d P. M., Will County, State of Illinois, was a mortgage, and as such the appellant had the right to redeem therefrom. An order should have been made, that an account be taken of the amount due Clark on said mortgage, on the basis of allowing to Clark the principal sum with interest thereon at the rate of six per cent. per annum, deducting therefrom all just credits, including in such credits all rents and profits received by Clark, or for which he may be accountable under the rule laid down in Mozier v. Norton et al., 100 Ill. 63, less such sums as Clark may have paid for taxes, and necessary repairs on said premises. If, on such accounting, nothing should be found to be due on said mortgage, it should be declared satisfied. But, if on such accounting anything should be found due on said mortgage, appellant is entitled to a decree giving to him the right to redeem, on the payment of the amount so found due, on equitable terms to be fixed by the court. Appellant should be required to pay the costs in the Circuit Court.

The decree is reversed and cause remanded for such other and further proceedings in conformity with this opinion as may be necessary and proper.

Since this appeal was taken the appellee has departed this life. His death having been suggested, his administrator was substituted as appellee.

Decree reversed and cause remanded, appellee to pay the costs of this court; costs to be paid in due course of administration.

*Decree reversed.*